

Gregory P. Photiadis
James W. Gresens
Michael J. Lombardo +
Dennis P. Cleary
Gary M. Kanaley *
Robert L. Bencini
Patricia Gillen
Charles C. Ritter, Jr.
Elizabeth A. Kraengel **

Barbara B. Strzemski-Haase
John D. Celani *
Steven W. Klutkowski ++
Christopher M. Berloth
Robert C. Carbone
Elise L. Cassar
Thomas D. Lyons
Kristine N. Celeste
Derick R. White

Matthew J. Beck
Of Counsel

Emanuel Duke (1916-1999)
Donald J. Holzman (1930-2017)

\* Also Admitted in FL
\*\* Also Admitted in MA
\+ Also Admitted in PA
++ Also Admitted in NJ

May 8, 2023

<u>Via CM/ECF Only</u>
Hon. Miroslav Lovric
US District Court
Northern District of New York
Binghamton U.S. Courthouse
15 Henry St.
Binghamton, NY 13901

    **RE:** **CNY Fair Housing, Inc., et al. v. Clover Group Inc., et al.**
       **Case No. 5:21-cv-361-BKS-ML (N.D.N.Y.)**

       **DEFENDANTS' STATUS REPORT**

Dear Judge Lovric:

  Our law firm represents the Defendants in the above-action. We to provide the Court with a status report on behalf of Defendants pursuant to Text Orders 99 and 103. In conferring with Plaintiffs' counsel, we understand they will be separately submitting their own status report.

  I. **Discovery Status**

    a. *Document Discovery*

  Plaintiffs served 1) Plaintiffs' First Set of Requests for Production of Documents to Clover Management, Inc. and 2) Plaintiffs' First Set of Requests for Production of Documents to Wellclover Holdings LLC on January 9, 2023. The below summarizes the rolling productions made by Defendants to date, which consist of approximately 220 documents totaling over 1,202 pages:

Hon. Miroslav Lovric
May 8, 2023
Page 2

| Date Produced | Bates-Number | Description |
|---|---|---|
| 2/23/2023 | D000001-000006 | Most recent Reasonable Accommodation Form and Policy |
| 3/24/2023 | D000007-000338 | Rent Rolls (15, PDF) for Buckley, Crestmount, Fairfield, Glenwood, Huntington, Ivy Pointe, Morgan, Orchard, Parma, Sandra Lane, Seneca, Southpark, Transit, Union and Willoughby |
| | | Insurance Policies (Full policy for Chubb, Declaration Pages for Middleoak, Selective and Wesco |
| 3/30/23 (reproduced w/Confidential Designation on 4/24/23) | D000339-000387 | Rent Rolls (5, PDF) for Camillus, New Hartford, Reynolds Pointe, Sweet Home and Southwestern |
| 4/19/2023 | D000764-000784 | Rent Rolls (20, excel) for all 20 Subject Properties |
| | | Senior Survey Chart 2018 |
| 5/3/2023 | D000812-000815 | Sample Employment Offer and Job Description |
| 5/4/2023 | D000388-763, 785-811, 816-1202 | Site Plans for Buckley, Camillus, Crestmount, Fairfield, Glenwood, Huntington, Ivy Pointe, Morgan, New Hartford, Parma, Reynolds Pointe, South Pointe, Southpark, Sweethome, Transit and Willoughby Hills |
| | | Monthly Rent Rolls for 2019-2023 |
| | | Various Deeds and Corporate Docs for the Subject Properties |
| | | Welltower Organizational Chart |
| | | Floor Plans for Buckley, Camillus, Crestmount, Fairfield, Glenwood, Huntington, Ivy Pointe, Morgan, New Hartford, Parma, Reynolds Pointe, South Pointe, Southpark, Sweethome, Transit and Willoughby Hills |
| | | LLC Agreements for Camillus, Johnson City, New Hartford, Southwestern, Sweethome and Wellclover Holdings LLC |
| | | Various Management Agreements |

Accompanying written responses to Plaintiffs' document demands are in process and anticipated to be served this week.

Defendants served Defendants' First Request for Production of Documents to Plaintiffs on January 17, 2023. In response, Plaintiffs served Plaintiffs' written Responses to Defendants' First Set of Requests for Production on March 1, 2023. The below summarizes the productions made by Plaintiffs to date, consisting of approximately 795 documents, totaling 4,180 pages[1]:

---

[1] Defendants have not yet had the chance to review the approximate 2,000 pages of discovery produced on May 5 and May 8.

Hon. Miroslav Lovric
May 8, 2023
Page 3

| Date Produced | Bates-Number | Description |
|---|---|---|
| 3/1/2023 | PL_0000001-1726 | Diversion of Resources and Frustration of Mission Summary |
| | | FHC for Rights and Research Misc. Documents |
| | | Tester Summaries |
| | | Tester Transcripts |
| | | Rental Testing Assignment Forms |
| | | Rental Test Report Forms |
| | | Tester Expectations and Checklist |
| | | Org Ps' Damages Documentation |
| | | Various Defendant's Corporate Information, Property Information and Owner Information |
| | | Request for Reasonable Accommodation Forms |
| | | Discrimination Complaint - Intake Forms |
| | | Various Emails and PDFs |
| | | Letter Correspondence |
| | | Various Brochures from Defendants' Properties |
| | | Camillus Pointe Resident Survey |
| | | Drawings and Site Plans from Defendants' Properties |
| | | Phyllis Bartoszewski's Renewal of Lease Agreement |
| | | Camillus Pointe Rent Survey |
| | | Clover Case Education and Outreach Plan |
| | | Various Photos of Defendants' Properties |
| | | Fair Housing Center Stakeholder and Communications Plan |
| | | Authorizations for Release of Information |
| | | Housing Research & Advocacy Center Tester Training Presentation |
| | | Camillus Pointe Parking Rules |
| | | HOME Cincinnati Diversion Log |
| | | HOME Cincinnati Presentation for Fair Housing Concerns for Senior Living Facilities |
| | | Intake Questions for Clover/Former Residents |
| 4/13/2023 | PL0001727-2149 | 58 Audio Files |
| | | Interviews from Various Residents |
| | | Various Emails and PDFs |
| | | Letter Correspondence |
| | | Tester Assignment Sheets |
| | | Notes from Calls to Various Residents |
| | | Carrie Pleasants Credit Card Statement |
| | | Tester Summaries |
| | | Tester Training Manual |
| | | Diversion of Resources and Frustration of Mission Summary |
| | | Request for Reasonable Accommodation Form |
| | | Complaint (from 1st Action) |
| | | Complaint (from 2nd Action) |
| | | Accessibility/Visit-Ability Issues Presentation |
| | | Accessibility/Visitability and staying complaint under FH Laws Presentation |
| 5/5/2023 | PL0002150-3895 | *Documents from Custodians: CNY Fair Housing Center, Fair Housing Partnership of Greater Pittsburgh, HOME of Cincinnati, Deanna Town and Fair Housing Center for* |
| | | Various Emails and PDFs |
| | | 2 Audio Files |
| | | Tester Agreements |
| | | Tester Summries |
| | | Tester Narrative Outline |
| | | Rules for Testers |
| | | Tester DOs and DON'Ts |
| | | Rental Testing Assignment Form |
| | | Tester Applications |
| | | Enforcement Meeting Agenda |
| | | Green Ridge, Lafayette and Harborcreek Property Info |

Hon. Miroslav Lovric
May 8, 2023
Page 4

| | | |
|---|---|---|
| | | Fair Housing Partnership of Greater Pittsburgh ("FHPGP") Memo re The Fair Housing Laws |
| | | FHPGP Board of Directors Meeting Agenda |
| | | FHPGP Quarterly Reports |
| | | FHPGP Expense Report |
| | | FHPGP Tester Manual |
| | | FHPGP Tester Training Presentation |
| | | FHPGP Preliminar Contact Report Forms |
| | | FHPGP Misc. Documents |
| | | Fair Housing Center for Rights and Research Time Log |
| | | HOME of Cincinnati Time Log |
| | | CNY Fair Housing Center Time Log |
| | | Press Releases |
| | | Notes from Calls to Various Residents |
| | | Clover Case Education and Outreach Plan |
| | | Tester Tracking Spreadsheet |
| | | HOME of Cincinnati Board/Staff Enforcement Committee Meeting |
| | | HOME of Cincinnati Staff Meeting Notes |
| | | HOME of Cincinnati Testing Methodology |
| | | HOME of Cincinnati Misc. Documents |
| | | Judith Turner Narrative |
| | | Pauline Turner Narrative |
| | | Drawings for Salina Senior Apartments |
| | | CNY Fair Housing Center Misc. Documents |
| | | Complaint (from 1st Action) |
| | | Memorandum Decision and Order (from 1st Action - Doc. 35) |
| | | Clover Communities Salina Certificate of Occupancy |
| | | Deanna Town's Medical Records |
| | | HOME Cincinnati Presentation for Fair Housing Concerns for Senior Living Facilities |
| 5/8/2023 | PL0003896-4180 | Documents produced by CNY Fair Housing Representatives; received on 5/8/23; ingestion in process |

b. *Email Productions*

In terms of email discovery, the parties agreed to joint email discovery protocols, whereby each side is collecting email accounts from custodians, applying agreed upon search term filters, and then performing a responsiveness and privilege review.

On February 22, 2023, Defendants provided a search term hit report to Plaintiffs reflecting 36,597 emails to be reviewed based on the search term parameters. Plaintiffs had indicated they would be providing a similar search term hit report, but on May 5 stated that their review program will not allow them to generate such a report. Other than Plaintiffs' counsel representation that the responsive documents for each organizational plaintiff may be "in the mid to high hundreds", Defendants have no idea how many email documents Plaintiffs may be producing, or when such production will be completed.[2]

---

[2] In the meet and confer on May 5, 2023, Plaintiffs' counsel stated that email productions for three organizational plaintiffs would be forthcoming on May 8, 2023, but that they did not know when to expect to be able to produce the balance.

    c. *Interrogatories*

 Plaintiffs served 1) Plaintiffs' First Set of Interrogatories to Defendant Wellclover Holdings LLC and 2) Plaintiffs' First Set of Interrogatories to Defendant Clover Management, Inc. on January 9, 2023. In response, Defendants served Clover Management, Inc's Response to Plaintiffs' First Set of Interrogatories on February 23, 2023, and Wellclover Holding LLC's Response to Plaintiffs' First Set of Interrogatories on March 6, 2023.

 Defendants served Defendants' First Set of Interrogatories to Plaintiffs on January 17, 2023. In response, Plaintiffs served Plaintiffs' Responses to Defendants' First Set of Interrogatories on March 1, 2023.

    d. *Depositions*

 Plaintiffs have taken the following depositions:

1. Emily Brady, Vice President of Operations of Clover Management, Inc., February 23, 2023;
2. Stacey Conte, Property Manager for Buckley Square Senior Apartments, March 2, 2023;
3. Cynthee Defren, Former District Manager for Camillus Pointe Senior Apartments, April 21, 2023;
4. Richard Greenspan, Executive Vice President of Clover Management, Inc., April 26, 2023;
5. Ellen King, Property Manager at Morgan Square Senior Apartments, April 27, 2023; and
6. Katie Hudson, Former Property Manager for Parma Village Senior Apartments, May 4, 2023.

 Defendants have not yet taken Plaintiffs' depositions due to the substantial lack of Plaintiffs' discovery productions to date, but intend to do so following receipt and review of Plaintiffs' discovery productions. This has been a continuing topic of the meet and confer sessions among counsel.[3] Similarly, Plaintiffs have stated that they are holding off scheduling further deposition of Defendant witnesses pending receipt and review of Defendants' email productions.[4]

---

[3] We are also waiting on an affidavit from the fiduciary of Ms. Harter's estate confirming that they are unable to access her email account.

[4] The case scheduling order (Dkt. 47) states that Plaintiffs expect to take 15 depositions, and Defendants expect to take 8 party depositions as well as depositions of testers. Since that order was issued, there are also several non-party witnesses identified by Plaintiffs that Defendants may seek to depose.

Hon. Miroslav Lovric
May 8, 2023
Page 6

     Since the last Joint Status Report on March 30, 2023 (Dkt. 85), Plaintiffs' counsel and Defendants' counsel have continued to meet and confer (including zoom conferences on April 5 and May 5 and email correspondence) regarding various discovery matters, including: non-party discovery; anticipated timing of the parties' supplemental discovery productions; anticipated timing of depositions of Plaintiffs' witnesses; various alleged deficiencies in Plaintiffs' written discovery responses; various alleged deficiencies in Defendants' interrogatory responses.

     In light of the variety of outstanding discovery matters, in the meet and confer on May 5, counsel agreed to revisit the topic of whether it may be necessary to request a further extension of present deadlines. To that end, counsel for the parties have a further meet and confer scheduled for May 12, 2023.

## II.     Defendants' Motion to Strike Plaintiffs' Experts

     Defendants' motion to strike plaintiffs' experts (Dkt. 89), was filed on April 5. Plaintiffs filed opposition to the motion on April 26, 2023 (Dkt. 101). Defendants' filed reply papers on May 3, 2023 (Dkt. 104). This motion is pending decision by District Court Judge Sannes.

## III.     Defendants' Motion to Amend Scheduling Order

     Defendants filed a motion to amend the scheduling order relative to expert disclosure deadlines on April 14, 2023 (Dkts. 94 – 94-6). Plaintiffs filed opposition to the motion on April 20, 2023 (Dkt. 96), and oral argument was had via MS Teams on April 24, 2023, with a decision scheduled to be delivered by the Court on May 16, 2023.

     By text order dated May 1, the Court directed the parties to file status reports on May 8 "to address the status of any discovery disputes as alleged/described by Defendants in Motion [94] and how, if at all, those matters should affect amending the deadlines and schedules." (Dkt. 103). As of this writing:

1. <u>Medical Documents</u>. Plaintiffs have not produced documentation for the three individual plaintiffs "concerning, or at minimum sufficient to identify, the nature and extent of each individual plaintiff's alleged disability and the extent to which such condition limits one or more major life activities, including without limitation with respect to physical disability" (D. Doc Req. No. 12). This request has been subject of several meet and confers among counsel, and following initial objection Plaintiffs agreed to produce an undefined scope of responsive information[5]. As of May 5, 2023, they did not have a timeline for production of same, but we agreed to revisit

---

[5] It appears Plaintiffs' May 5, 2023 production may include responsive information as to Plaintiff Deanna Town.

Hon. Miroslav Lovric
May 8, 2023
Page 7

      status on May 12, 2023. Thus, Defendants are not able to fully evaluate whether a medical expert witness may be necessary in this action.

2. <u>Individual Plaintiffs' Damages Documents</u>. Plaintiffs have not produced *any* documentation in support of the individual plaintiffs' damages claims.[6] Thus, Defendants are not able to fully evaluate whether an expert witness to refute such damages may be necessary in this action.

3. <u>Organizational Plaintiffs' Damages Documents</u>. Plaintiffs have not produced documentation in support of the organizational plaintiffs' damages claims (with the exception of some cursory information in their initial production, and potentially within documents produced May 5 and today on behalf of some organizational plaintiffs).[7] For example, Plaintiffs have not fully produced: data relating to the time the organizational Plaintiffs have spent on education, advocacy and enforcement; data relating to the time the organizational Plaintiffs have spent concerning this action; time sheets of employees; statements by employees evidencing the time spent on each particular matter; or expense reports linking resources spent to any particular matter. All documents containing, including or derived from the organizational Plaintiffs' investigation of Defendants' policies and practices in "three different states" (D. Doc Req. No. 8) as alleged in the Complaint have also not been fully produced. Thus, Defendants are not able to fully evaluate whether an expert witness to refute such alleged damages may be necessary in this action. This information is also relevant to the subject matter of Plaintiffs' purported expert, Erin Kemple (see, Defendants' motion to strike experts) (Dkt. 89).

      As a result, these discovery defects require amendment of the existing expert disclosure deadlines, and potentially overall discovery deadlines, depending on when Plaintiffs produce responsive documents and whether there are any deficiencies in such production.

      **IV.**    **<u>Plaintiffs' Motion to Compel Discovery of Eight Properties</u>**

      Plaintiffs' filed a motion to compel on April 21, 2023 (Dkts. 97 – 97-3). Defendants' filed opposition to the motion on May 3, 2023 (Dkts. 105 – 105-16), and a letter application to seal Exhibits D-K of the Maze Declaration on May 8, 2023 (Dkts. 108 – 108-9). This motion is returnable before the Court on May 16, 2023.

---

[6] All documents evidencing the Individual Plaintiffs' claimed damages, including "economic damages" and "out of pocket costs" alleged in the Complaint. (D. Doc. Req. No. 19).

[7] All documents evidencing the Organizational Plaintiffs' claimed damages, including "diversion of time and resources" and "frustration of [their] mission" alleged in the Complaint, including but not limited to: data relating to the time the Organizational Plaintiffs have spent on education, advocacy and enforcement; and data relating to the time the Organizational Plaintiffs have spent concerning this action. (D. Doc. Req. No. 20).

Hon. Miroslav Lovric
May 8, 2023
Page 8

Respectfully submitted,

DUKE HOLZMAN PHOTIADIS & GRESENS, LLP

*s/Elizabeth A. Kraengel*

Elizabeth A. Kraengel
ekraengel@dhpglaw.com

EAK/rp
cc: Counsel of Record (via CM/ECF)